UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>NETSPEND CORPORATION, a<br>corporation;<br><br>Defendant. | Case No. 1:16-CV-4203<br><br>**STIPULATED ORDER FOR<br>PERMANENT INJUNCTION<br>AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC") filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") against NetSpend Corporation ("NetSpend" or "Defendant"), for a permanent injunction and other relief in this matter pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

1.   This Court has jurisdiction over this matter.

Page 1 of 26

2.    The Complaint charges that Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with consumer access to funds deposited onto Defendant's prepaid debit cards, claiming that approval for the cards is guaranteed, and promising provisional credits when consumers report account errors in certain circumstances.

3.    For purposes of this action, Defendant admits the facts necessary to establish jurisdiction.  Except as so admitted and as provided in Subsections III.H and III.I below, Defendant neither admits nor denies the allegations of the Complaint.

4.    Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.    Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.    "**Consumer Redress Period**" means the period from date of first

Page 2 of 26

mailing of Notice as defined below until 180 days after date of entry of this Order.

B.   "**Covered Consumer Account**" means certain accounts acquired by consumers between January 1, 2010 and August 31, 2016 that:  (1) were not activated by August 31, 2016; (2) were loaded with funds; and (3) are not excluded by reason of fraud, prior full refund or credit, return of funds to payment source, escheatment of funds, or similar reason agreed upon by the parties.  Covered Consumer Accounts are identified in a report previously delivered to the FTC by Defendant.

C.   "**Defendant**" means NetSpend Corporation and its subsidiaries and predecessors, including but not limited to Skylight Financial, Inc., and their successors and assigns, individually, collectively, or in any combination.

D.   "**Prepaid Product**" means an account used or marketed by Defendant for personal, family, or household purposes: (1) that is issued on a prepaid basis in a specified amount or capable of being loaded with funds thereafter; and (2) that is used to conduct transactions for goods or services, or at automated teller machines, or to conduct person-to-person transfers, and (3) that is not a checking account, share draft account, or negotiable order of withdrawal account.  Provided, however, that a product

shall not be a Prepaid Product if Defendant can demonstrate that the product is: (1) a store gift card (i.e., a card that is redeemable upon presentation at a single merchant or an affiliated group of merchants); (2) a loyalty, award, or promotional gift card (i.e., a card issued in connection with a *bona fide* loyalty, award, or promotional program, to which funds are not loaded by a consumer); or (3) a non-reloadable general-use prepaid card that is both marketed and labeled as a gift card or gift certificate.

E.     "**Issuing Banks**" means those financial institutions that issue Prepaid Products with respect to which Defendant serves as the program manager.

F.     "**Parties**" means both the FTC and NetSpend, but no other individual or entity.  Notwithstanding anything to the contrary contained in this Order, this Order shall not bind the Issuing Banks.

## ORDER

### I.     CLAIMS ABOUT ACCESS TO FUNDS AND OTHER MATERIAL INFORMATION

**IT IS HEREBY ORDERED** that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertisement,

marketing, promotion, offering for sale, sale, management, or servicing of any Prepaid Product, are permanently restrained and enjoined from, expressly or by implication misrepresenting or assisting others in misrepresenting:

A.    Any fact regarding the length of time or conditions necessary before (1) Prepaid Products will be ready to use, or (2) consumers will have access to funds;

B.    Any fact regarding the length of time or conditions necessary to gain approval to use a Prepaid Product, including that consumers are guaranteed approval;

C.    Any fact regarding the protections consumers have in the event of account errors, including the terms under which Defendant will provide provisional credits, except that if Defendant can demonstrate it made *bona fide* errors in compliance, which were remedied when identified, then such *bona fide* errors in compliance shall not constitute violations of this Subsection I.C; and

D.    The comparative benefits of Defendant's Prepaid Products to debit card accounts, or other payment accounts or payment methods, including that they provide access to funds faster than debit card accounts, or other payment accounts or payment methods.

## II.   NOTICE TO THIRD PARTIES TO REMOVE CERTAIN NETSPEND MARKETING MATERIAL

A.     Except as set forth below in Subsection II.B. Defendant shall deliver as soon as practicable, but in no event later than 60 days after entry of this Order (the "Notice Period"), an exact copy of the notice attached to this Order as Appendix A-1, showing the date of mailing, to each third-party necessary to implement the removal of Defendant's marketing or advertising material that does not comply with the standards set forth in this Order and is still in the stream of commerce ("Third Party Material").  The Notice Period and all other deadlines provided for in this Consent Order may be extended as provided herein or by written stipulation or agreement of the Parties without further order of the Court. The notice required by this paragraph may include attachments with copies, photographs, or images of sample materials subject to removal but shall not include any other document or enclosures other than those referenced in Appendix A-1 and may be sent to the principal place of business of each entity.  Provision of such notice by Defendant shall constitute sufficient corrective action by Defendant with respect to Third Party Material covered by the notice.

B.     To the extent that this Order requires Defendant to remove from the marketplace Third Party Material, as defined above in Subsection

II.A, the replacement of which requires additional time for production and/or approval by the Issuing Banks ("Production Material"), then Defendant shall deliver as soon as practicable, but in no event later than the end of the Notice Period, an exact copy of the notice attached to this Order as Appendix A-2, and the stickers with corrective text referenced in the notice to each third-party necessary to implement the placement of the stickers on the Production Material.  The text of the stickers shall be of like prominence as the claims they correct.  Such notice shall show the date of mailing to each third party to which Defendant has provided the notice.  The notice provided for in this paragraph must include a sufficient quantity of stickers and may include attachments with copies, photographs, or images of sample materials illustrating the required correction but shall not include any other document or enclosures other than those referenced in Appendix A-2 and may be sent to the principal place of business of each entity.  Provision of such notice and stickers by Defendant shall constitute sufficient corrective action by Defendant with respect to Production Material covered by the notice.

### III.   MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that Defendant shall provide monetary relief totaling no less than fifty-three million dollars ($53,000,000),

consisting of balances of forty million dollars ($40,000,000) on deposit in customer accounts at Issuing Banks as of August 31, 2016, and fees of thirteen million dollars ($13,000,000), as follows:

A.      Within the Notice Period, Defendant shall provide a notice substantially similar to the form set forth in Appendix B (the "Notice") to all consumers with a Covered Consumer Account for whom Defendant possesses sufficient consumer contact information, at no cost to the consumer, by mail and email (notwithstanding any prior requests by the consumer to opt out of email messages from Defendant); and on Defendant's webpage.  All such Notices shall be sent within sixty (60) days after entry of this Order, and may be sent on a rolling basis during that period.  Provided, however, that Defendant need not provide Notice:

1.      If Defendant can demonstrate that a Covered Consumer Account has been activated or refunded in full, had access to the funds in full, or becomes subject to the process of escheat before the Notice is required to be sent for that account;

2.      If Defendant can demonstrate to the Commission that providing Notice to a specific consumer is prohibited by law;

3.      By mail for Covered Consumer Accounts that had an initial

balance of less than five dollars ($5), except that such notice shall still be provided by email;

    4.    If, within five (5) business days of the entry of this Order, Defendant has initiated a process to confer with the Internal Revenue Service ("IRS") regarding:  (a) certain Covered Consumer Accounts with a remaining balance associated with a tax refund; and (b) whether the IRS requests the return of such tax refund amount.  If the IRS responds that it does not request the return of such tax refund amount or to the extent a consumer is entitled to a refund of amounts in addition to the tax refund amount, Defendant shall send Notice to the consumer within the later of fourteen (14) days of such response or the conclusion of Notice Period. If the IRS requests the return of such tax refund amounts, those funds shall be returned to the IRS.

    B.    Within thirty (30) days of the request by a consumer with a Covered Consumer Account that is made within the Consumer Redress Period Defendant shall send the consumer a refund check by first class U.S. Mail, postage prepaid, unless a consumer requests to receive their funds via another method made available by Defendant and the consumer completes any necessary identity verification and activation processes within fourteen

(14) days of such request.  Refund checks and amounts made available via other options shall include such Covered Consumer Account balance and fees charged to the consumer, before activation of an account, that have not already been credited.  All payments to consumers hereunder shall be subject to reasonable and appropriate fraud prevention procedures, and NetSpend may decline a consumer refund request if it has credible evidence that the request is fraudulent or duplicative.  For any consumer who attempts to assert a claim to an account as to which a claim has already has been submitted, Defendant shall direct the consumer to contact the FTC to seek any redress.

C.    Within 30 days after the conclusion of the Consumer Redress Period (the "Fee Payment Date"), Defendant shall:

1.    Pay to the Commission thirteen million dollars ($13,000,000), reflecting fees charged by Defendant ("the Fee Payment Amount"); *provided, however,* that the Fee Payment Amount shall be reduced by the amount of any fees charged as of August 31, 2016 that NetSpend, subsequent to that date (a) refunded to a consumer with a Covered Consumer Account, (b) credited to activated Covered Consumer Accounts, or (c) returned to the IRS as provided above.  A refund shall be deemed to have occurred on

the date when a check that includes the funds is mailed or a consumer is granted access to the funds on the consumer's account.  Payment to the Commission must be made by electronic fund transfer in accordance with instructions provided by a representative of the Commission.  To the extent that the foregoing reductions exceed $13,000,000 then additional reductions shall be applied to the amounts to be paid to the Commission pursuant to Subsections III.D and E.

   2. Provide to counsel for the Commission a sworn written report that details: (a) the disposition by account of all funds made available or refunded to Covered Consumer Accounts; (b) all claims denied with respect to Covered Consumer Accounts because of fraud or duplication; (c) funds submitted to the IRS; and (d) all funds included in the Fee Payment Amount including any reductions thereof.

  D. On the Fee Payment Date, Defendant shall also:

   1. Pay to the Commission an amount comprised of:  (a) fees charged, if any, including account maintenance fees (also referred to as account inactivity fees) and monthly or annual plan fees, to a Covered Consumer Account between September 1, 2016, and the conclusion of the Consumer Redress Period that were not (i) refunded, (ii) credited to an

activated Covered Consumer Account or otherwise made available to the consumer, (iii) returned to the IRS, or (iv) charged after funds were made available by activation of a Covered Consumer Account at the request of the consumer, in which case such fees described in clause (i) - (iv) above shall be deemed to be funds disposed of for purposes of this Order, including Subsection III.F; and (b) any sums retained by Defendant related to a Covered Consumer Account after the conclusion of the escheatment period applicable to the account.

      2.     Provide to counsel for the Commission a sworn written report that details the disposition, by account, of: (a) all funds paid to the Commission under Subsection III.D.1; and (b) all Covered Consumer Accounts that were activated or closed between September 1, 2016, and the conclusion of the Consumer Redress Period.

      E.     Beginning six months after the conclusion of the Consumer Redress Period, and every six months thereafter (the "Six Month Adjustment Dates") until all funds on deposit in Covered Consumer Accounts as of the conclusion of the Consumer Redress Period are distributed pursuant to the following adjustments or reductions: (i) funds in Covered Consumer Accounts are refunded, held in activated accounts, or

otherwise made available to consumers; (ii) funds in Covered Consumer Accounts are paid to the FTC; (iii) funds in Covered Consumer Accounts are returned to the IRS; (iv) funds in Covered Consumer Accounts are paid or returned to any other party with a *bona fide* claim to such funds; or (v) funds in Covered Consumer Accounts are subject to initiation of the process of escheat (the "Covered Consumer Account Adjustments"), Defendant shall sixty (60) days after each Six Month Adjustment Date (the "Six Month Payment Date"):

      1.    Pay to the Commission an amount comprised of: (a) fees charged, if any, including account maintenance fees (also referred to as account inactivity fees) and monthly or annual plan fees, to a Covered Consumer Account during that six month period that were not (i) refunded, (ii) credited to an activated Covered Consumer Account or otherwise made available to the consumer, (iii) returned to the IRS, or (iv) charged after funds were made available by activation of a Covered Consumer Account at the request of the consumer, in which case such fees described in clauses (i) - (iv) above shall be deemed to be funds disposed of for purposes of this Order, including Subsection III.F; and (b) any sums retained by Defendant related to a Covered Consumer Account after the conclusion of the escheatment period

applicable to the account.  The total sum of all of the payments on the Six

Month Payment Dates shall not exceed the amount of funds on deposit in

Covered Consumer Accounts as of the conclusion of the Consumer Redress

Period and each individual payment on a Six Month Payment Date shall not

exceed the amount of funds on deposit in Covered Consumer Accounts as of

the prior Six Month Adjustment Date, after applying the Covered Consumer

Account Adjustments.

      2.    Provide to counsel for the Commission a sworn written

report that details the disposition of the following, by account:  (a) all funds

paid to the Commission under Subsection III.E.1; (b) all Covered Consumer

Accounts that were activated or closed during that six month period; (c) all

Covered Consumer Account Adjustments; and (d) all funds that remain on

deposit in Covered Consumer Accounts after application of the Covered

Consumer Adjustments.

      F.    To the extent that any funds included in the monetary relief

identified in this Section that totals no less than fifty-three million dollars

($53,000,000) are not disposed of by operation of Subsections III.A.-III.E.,

Defendant shall pay the amount not disposed of by operation of Subsections

III.A.-III.E. to the Commission sixty days after the last Six Month Payment

Date.

G.     Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred to the FTC, the IRS, consumers or any third-party pursuant to this Order and may not seek the return of any assets.

H.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a claim of nondischargeability in any bankruptcy case.

I.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

J.     Defendant's admissions in Subsections III.H and III.I above are not intended to be, nor shall they be, construed as admissions with respect to any claim by any third party.

K.     Defendant acknowledges that its Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers),

which Defendant must submit to the Commission, may be used for

collecting and reporting on any delinquent amount arising out of this Order,

in accordance with 31 U.S.C. §7701.

L.   All money paid to the Commission pursuant to this Order may be

deposited into a fund administered by the Commission or its designee to be

used for equitable relief, including consumer redress and any attendant

expenses for the administration of any redress fund.  If a representative of

the Commission decides that direct redress to consumers is wholly or

partially impracticable or money remains after redress is completed, the

Commission may apply any remaining money for such other equitable relief

(including consumer information remedies) as it determines to be reasonably

related to Defendant's practices alleged in the Complaint.  Any money not

used for such equitable relief is to be deposited to the U.S. Treasury as

disgorgement.  Defendant has no right to challenge any actions the

Commission or its representatives may take pursuant to this Subsection.

## IV.   CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers,

agents, employees, and attorneys, and all other persons in active concert

or participation with any of them, who receive actual notice of this Order,

whether acting directly or indirectly, are permanently restrained and enjoined from failing to provide customer information in its possession, custody, or control that is sufficient to enable the Commission to efficiently administer consumer redress, including consumer name, phone number, address, other contact information, account number, and account balance, or other reasonably available information that the Commission requests to effectuate consumer redress.  If a representative of the Commission requests in writing any such information in Defendant's possession, custody or control related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 business days.

The Parties anticipate that consumers may make inquiries to Defendant regarding consumer funds subject to this Order.  Defendant shall maintain a record of such contacts, including consumer contact information, and shall provide such records to the Commission as required in this Section IV.  Following receipt of consumer inquiries that should properly be directed to the Commission rather than Defendant, Defendant shall direct the consumer to contact the FTC, at a number and address specified by the FTC for this purpose.

## V.    ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtains

acknowledgments of receipt of this Order:

A.    Defendant, within 7 days of entry of this Order, must submit to

the Commission an acknowledgment of receipt of this Order sworn under

penalty of perjury.

B.    For 5 years after entry of this Order, Defendant, must deliver

a copy of this Order to:  (1) all principals, officers, and directors; (2) all

employees, agents, and representatives with authority to approve

advertising or marketing material on behalf of Defendant for any

Prepaid Product, and all employees who supervise the formulation of

advertising and marketing material for any Prepaid Product; and (3) any

business entity resulting from any change in structure as set forth in the

Section titled Compliance Reporting.  Delivery must occur within 7 days

of entry of this Order for current personnel.  For all others, delivery must

occur before they assume their responsibilities.

C.    From each individual or entity to which Defendant delivered

a copy of this Order, Defendant must obtain, within 30 days, a signed

and dated acknowledgment of receipt of this Order (an "Order

Acknowledgement").

## VI.   COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A.      One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury.  Defendant must:

1.      identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

2.      identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3.      describe the activities of each business, including the goods and services offered and the means of advertising, marketing, and sales;

4.      describe in detail whether and how Defendant is in compliance with each Section of this Order, and

5.      provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.      For 20 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any

change in the following:

    1.    any designated point of contact; or

    2.    the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.    Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: [date]" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer

Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW,

Washington, DC, 20580.  The subject line must begin: FTC v. NetSpend

Corporation, X170006.

## VII.    RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain

records for 20 years after entry of the Order, and retain each such record for

5 years.  Specifically, Defendant must create and retain the following

records in connection with the advertisement, marketing, promotion,

offering for sale, sale, management, or servicing of any Prepaid Product:

A.    accounting records showing the revenues from all such goods

or services sold;

B.    personnel records of Defendant showing, for each individual

providing services, whether as an employee or otherwise, that person's

name; addresses; telephone numbers; job title or position; dates of service;

and (if applicable) the reason for termination;

C.    records of all consumer complaints, whether received directly

or indirectly, related to access to funds, which shall include, but not be

limited to, available consumer contact information, date of complaint,

source of complaint, category of complaint, and the outcome; provided that

this Subparagraph shall apply only to consumer complaints related to

Page 21 of 26

access to funds received directly or indirectly from a consumer, a federal or state agency, the Better Business Bureau, State Attorneys General, as well as any consumer lawsuit;

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E.     a copy of each unique advertisement or other marketing material created, produced or approved by Defendant; and

F.     records of blocks that restrict consumer access to Prepaid Products; requests by consumers to activate and register Prepaid Products, when submitted directly to Defendant or when records of such requests are available to Defendant; requests by consumers to lift blocks on Prepaid Products; requests by consumers for closure of Prepaid Product accounts and any subsequent disbursements of funds to consumers; consumer notifications of account errors; and disbursements of provisional credits.  Provided, however, that to the extent Defendant does not maintain records as provided in this Subsection in the ordinary course of business as of the date of this Order and must implement new record keeping policies, systems or procedures to create them, Defendant shall implement such policies, systems or procedures within 90 days after the date of this Order.  Provided, further, that Defendant shall not be required

to create or maintain any record identified in this Subsection if Defendant demonstrates that it is prohibited by banking law or regulation from creating or maintaining such record.

## VIII.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; and appear for depositions and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission to interview any employee or

other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX.     RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this** 10th **day of** April                        , 2017.

Amy Totenberg
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED: FOR

PLAINTIFF:

FEDERAL TRADE COMMISSION


Dated: _March 31, 2017_


By: _____
Mark Glassman
Adam M. Wesolowski
Federal Trade Commission
600 Pennsylvania Avenue, NW Mailstop: CC-10232
Washington, DC 20580
Email:  mglassman@ftc.gov
awesolowski@ftc.gov
Phone: (202) 326-2826 (Glassman)
(202) 326-3068 (Wesolowski) Fax: (202) 326-3768



By: _____
Robin L. Rock (Bar No. 629532)
Federal Trade Commission
225 Peachtree Street, N.E.,
Suite 1500
Atlanta, GA 30303
Email: rrock@ftc.gov
Phone: (404) 656-1368
Fax: (404) 656-1379

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION


Page 25 of 26

FOR DEFENDANT NETSPEND CORPORATION:

By: _____

Diane McCartney
Vice President, Compliance
NETSPEND CORPORATION

By: _____

MORRISON & FOERSTER LLP

Steven M. Kaufmann
Natalie Fleming Nolen
2000 Pennsylvania Avenue
Washington, DC 20006
Telephone:  (212) 468-8000
skaufmann@mofo.com
nflemingnolen@mofo.com

Sarah N. Davis
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
SarahDavis@mofo.com

By: _____

Michael B. Terry
Georgia Bar No. 702582
BONDURANT MIXSON & ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Email: terry@bmelaw.com
(404) 881-4100

*Attorneys for Defendant*
NetSpend Corporation

**Appendix A-1**

[ON NETSPEND CORPORATION LETTERHEAD]

**IMPORTANT NOTICE TO REMOVE NETSPEND CARD
MATERIALS TO COMPLY WITH FEDERAL COURT ORDER**

[insert addressee name]
[insert addressee address]

Dear [Third Party],

     In response to a settlement with the Federal Trade Commission,
NetSpend Corporation (NetSpend) has agreed to a court order prohibiting the
use of certain claims in marketing and other materials.  In accordance with
this order, NetSpend directs that within sixty (60) days of the date of this
letter you stop using any existing NetSpend materials that state that
NetSpend's cards provide immediate or instant access to funds, are ready to
use today, or provide guaranteed approval.  Attached hereto are copies,
photographs, or images of sample materials subject to removal.  NetSpend will
make revised materials available to you shortly if it has not already provided
such materials.

     Should you have any questions about compliance with this notification,
please contact [insert NetSpend contact person]. Further information about the
order can be obtained by visiting www.ftc.gov and searching for "NetSpend."

                                       Sincerely,

                                       [Name]
                                       [Title]
                                       NetSpend Corporation

**Appendix A-2**

[ON NETSPEND CORPORATION LETTERHEAD]

**IMPORTANT NOTICE TO UPDATE NETSPEND CARD
MATERIALS TO COMPLY WITH FEDERAL COURT ORDER**

[insert addressee name]
[insert addressee address]

Dear [Third Party],

In response to a settlement with the Federal Trade Commission, NetSpend Corporation (NetSpend) has agreed to a court order prohibiting the use of certain claims in marketing and other materials.  In accordance with this order, NetSpend [as applicable – as successor-in-interest to Skylight Financial, Inc.] directs that you affix corrective stickers to any existing NetSpend materials that state NetSpend's cards provide immediate or instant access to funds, are ready to use today, or provide guaranteed approval.

Enclosed with this letter are corrective stickers stating "You must meet identity verification requirements to activate and use the card."  These stickers must be placed on the NetSpend materials in close proximity to such statements that NetSpend's cards provide immediate or instant access to funds, are ready to use today, or provide guaranteed approval.  If the foregoing statements are contained within an envelope or package that is already sealed then the sticker shall be placed in a prominent position on the outside of the envelope or package.  Attached also are copies, photographs, or images of sample materials illustrating the required correction.

Should you have any questions about compliance with this notification, please contact [insert NetSpend contact person]. Further information about the order can be obtained by visiting www.ftc.gov and searching for "NetSpend."

Sincerely,

[Name]
[Title]
NetSpend Corporation

**Appendix B**

**Subject line of e-mail:**  NetSpend [or such other NetSpend brand, e.g. PayPal] Card Refunds Available

You may be eligible for a refund related to your [Branded Name (as applicable)] prepaid card [,managed by NetSpend (as necessary where a branded name is used)]. Under a settlement with the Federal Trade Commission, NetSpend will refund certain customers.

If you wish to receive your money via check, complete this personalized request form [REQUEST FORM (Link to Personalized Survey per customer) Sample:https://www.netspend.com/account/cs_survey.m?id=1052492523&sid=601] by <Date of End of Redress Period>.

After <Date of End of Redress Period>**, you will need to contact both the FTC and NetSpend to receive your funds.**

**NetSpend will mail checks within 30 days of receiving a valid request form.**

If, instead of getting a check by filling out the form linked above, you would like us to send your refund to an existing NetSpend card, please contact NetSpend at ftcsettlement@netspend.com or 1-800-259-8242. You may be required to submit identification documents to NetSpend to activate your card and access your money.

For more information about the program, visit www.ftc.gov/NetSpend.  If you have any problems receiving your funds, please let the FTC know by emailing NetSpend@ftc.gov.


**Online Check Request Form:**

Under the terms of NetSpend's settlement with the Federal Trade Commission [link to www.ftc.gov/NetSpend], NetSpend will refund certain customers who loaded money on cards.

How you would like to receive your money?

_____ Close my account and mail a check to the address on my account.

_____ Close my account and mail a check to another address (please enter your
   new address below)

_____I would like to contact NetSpend at ftcsettlement@netspend.com or 1-800-
   259-8242 to receive my funds via a NetSpend card. I understand that
   with this option I may be required to submit identification documents to
   NetSpend to activate my card and access my money.

New Address:

   Street:

   City:

   State:

   Zip:

   Phone:

   Email:

Finish

**Subject line of mailed letter:**  NetSpend [or applicable NetSpend brand, e.g., PayPal] Card Refunds Available

You may be eligible for a refund related to your [Brand Name (as applicable)] prepaid card [,managed by NetSpend (as necessary where a branded name is used)]. Under a settlement with the Federal Trade Commission, NetSpend will refund certain customers.

If you wish to receive your money via check, complete the personalized form below by <Date of End of Redress Period> and return it to NetSpend in the enclosed envelope.  If you received a refund notice from NetSpend by email, you may instead go to the personalized request form linked in the email to request your refund.

**After** <Date of End of Redress Period>**, you will need to contact both the FTC and NetSpend to receive your funds.**

**NetSpend will mail checks within 30 days of receiving a valid request form.**

For more information about the program, visit www.ftc.gov/NetSpend.  If you have any problems receiving your funds, please let the FTC know by emailing NetSpend@ftc.gov.

---

**Reference Number _____**
**Name <First Name> <Last Name>**
**Account Address: <Street>, <City>, <State> <Zip>**

**Check Request:**

_____ Close my account and mail a check to the address on my account.

_____ Close my account and mail a check to another address (please enter your new address below):

Street:

City:

State:

Zip:

Phone:

Email:

_____I would like to contact NetSpend at ftcsettlement@netspend.com or 1-800-259-8242 to receive my funds via a NetSpend card.  I understand that with this option I may be required to submit identification documents to NetSpend to activate my card and access my money.


Enclosure:  Envelope addressed to NetSpend, with postage prepaid